UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTINE MAYES
    Plaintiff,

v.                                                CASE No. _____

CREDENCE RESOURCE MANAGEMENT, LLC
    Defendant,

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL
## PRELIMINARY STATEMENT

1. This action is brought by a consumer for Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, et seq. ("TCPA").
2. Plaintiff alleges that Defendant has unlawfully called Plaintiff's cellular telephone in an attempt to collect a debt from Plaintiff in direct contravention of the TCPA.
3. Consequently, Plaintiff seeks injunctive relief as well as damages, fees, and costs in accordance with the TCPA.
4. The TCPA prohibits any person "to make any call (other than for emergency purposes or made with the express prior consent of the called party) using any automatic telephone dialing system or any artificial or prerecorded voice-(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." *47 U.S.C. §227(b) (1) (A)*.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 28 U.S.C. §1331 and 47 U.S.C. §227.
6. Venue lies in this District because Plaintiff resides here and Defendant does business and places phone calls into this District.

## PARTIES

7. Plaintiff, Christine Mayes (hereinafter "Ms. Mayes" or "Debtor") is a natural person and is a resident of Hillsborough County Florida and is a "consumer" as that term is defined by F.S.A. 559.55(2); 15 U.S.C. 1692a(2).

8. Defendant Credence Resource Management LLC (hereinafter "Credence" or "Defendant") is a Limited Liability Corporation formed under the laws of the State of Nevada, and whose principal address is 6045 Atlantic Boulevard, Suite 210, Norcross, Georgia, 30071, Defendant is a debt collector as that term is defined by 15 U.S.C §1692a (9) and. F.S. §559.55(6), as it acquired the debt or started servicing the debt after it was in default.

9. Upon information and belief, at all times mentioned herein, the agents and employees of Defendant acted within the course and scope of such agency or employment, and acted with the consent, permission and authorization of Defendant.

## FACTUAL ALLEGATIONS

10. Ms. Mayes had a previous account with AT&T that was closed by them for failure to pay the cell phone bill that was discharged in bankruptcy.

11. Ms. Mayes obtained a new cell phone number by becoming a member of her sister's AT&T family plan thus she is a "non-subscriber customary user" as defined by the FCC.

12. Her new cell number is 210-XXX-3479.

13. On April 8, 2015 Credence notified Ms. Mayes that AT&T had assigned the debt to Credence for collection and demanded payment of $936.11. *See Exhibit "A"*.

14. On or about April 19, 15 Ms. Mayes began receiving collection calls and voice mails to her new cell phone number 219-XXX-3479, without her express consent.

15. Upon information and belief, Defendant used an automatic telephone dialing system (ATDS) to place the calls to Ms. Mayes cell phone.

16. Between April 2015 and September 2015 the Defendant called Ms. Mayes' cell phone more than one hundred and eighteen (118) times, sometimes as often as three times per day.

17. None of the phone calls Defendant made to Plaintiff's cellular telephone via the automatic dialing system were made for "emergency purposes as defined by 47 U.S.C. §227(b)(1)(A).

18. Upon information and belief, Defendant knew their use of the automatic telephone dialing system and of the artificial or pre-recorded voice violated the TCPA yet they still chose to use them and, therefore, willfully or knowingly violated the TCPA.

## CLAIM FOR RELIEF

**Violation of the Telephone Consumer Protection Act**

19. Plaintiff repeats, re-alleges and incorporates by reference paragraphs 1-18.

20. Defendant used an automatic telephone dialing system to call Ms. Mayes' cell phone on more than 118 occasions.

21. Defendant willfully placed said phone calls without Ms. Mayes' express consent.

22. Although the exact number of calls are not known, it is alleged that there were at least 118 calls made by Defendant to Ms. Mayes' cell phone in violation of the TCPA.

23. As a result of the above violations of the TCPA, Defendant is liable to Plaintiff for statutory damages of $1,500 per violation.

4 | Page

WHEREFORE, Plaintiffs respectfully request that judgment be entered against Defendant for the following:

a. Statutory damages pursuant to 15 U.S.C §1692 and F.S.A. 559.77(2) and 47 USC § 227(b) (3).

b. For any such relief the Court deems just and proper.

Respectfully submitted, this 1st day of October, 2015.

/s/ Alan C. Ewbank
[ ] G. DONALD GOLDEN, ESQUIRE
Florida Bar No. 0137080
E-Mail: don@brandonlawyer.com
[x] ALAN C. EWBANK, ESQUIRE
Florida Bar No. 0191752
E-Mail: alan@brandonlawyer.com
THE GOLDEN LAW GROUP
808-A Oakfield Drive
Brandon, Florida 33511
Telephone: (813) 413-8700
Facsimile: (813) 413-8701
Attorneys for Plaintiff